United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAM FUCHS,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 25-cv-05810-TLT

**ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO STRIKE**

Re: Dkt. No. 31

## I. INTRODUCTION

Before the Court is Plaintiff Sam Fuchs' Motion to Strike the Declaration of Debbie Turek and all arguments and materials derived from it. ECF 31. This case arises from Defendant The Lincoln National Life Insurance Company's ("Lincoln") alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). ECF 1. On March 27, 2026, Defendant accompanied the challenged Declaration with its Motion for Judgment under Rule 52. ECF 29. Pursuant to Local Rule 7-1(b), the Court determines this action without oral argument.

After reviewing the parties' briefs, the history of this action, and the relevant legal authority, the Court **GRANTS-IN-PART** Plaintiff's Motion to Strike for the reasons below.

## II. PROCEDURAL HISTORY

On July 10, 2025, Plaintiff Sam Fuchs filed a complaint against Defendant The Lincoln National Life Insurance Company alleging violations of ERISA. ECF 1.

On October 20, 2025, the Court issued a Case Management and Scheduling Order setting a bench trial for June 15, 2026. ECF 21. On November 12, 2025, the Court granted the parties' stipulation to refer the matter to private ADR. ECF 24. On February 27, 2026, Lincoln filed the administrative record. ECF 25. On March 6, 2026, the parties notified the Court in their joint

case management statement that they were unable to reach a settlement after private mediation on December 16, 2025. ECF 27.

On March 27, 2026, Lincoln filed the Motion for Judgment under Rule 52, accompanied by the Declaration of Debbie Turek in support of its motion. ECF 29, 29-1. On April 24, 2026, Plaintiff filed his Rule 52 Trial Brief, and Lincoln subsequently filed a response. ECF 33, 34.

On April 6, 2026, Plaintiff filed a Motion to Strike the Declaration of Debbie Turek and all arguments and materials derived from it. ECF 31. On April 27, 2026, the Motion to Strike was fully briefed. ECF 32, 35. On April 30, 2026, the Court issued supplemental questions for the Motion to Strike. ECF 36.

This Order relates to Plaintiff's Motion to Strike the Declaration of Debbie Turek and all arguments and materials derived from it.

## III. FACTS

Plaintiff was employed by Facebook, later renamed to Meta Platforms, Inc. ("Meta"), on March 9, 2020. ECF 1 ¶ 8. Lincoln is the insurer of the long-term disability plan (the "Plan") for Meta. ECF 1 ¶ 3.

On June 24, 2023, Plaintiff's employment was terminated. *Id.* ¶ 9. On August 4, 2023, he sustained a bicycle accident resulting in multiple fractures and a brain injury. ECF 25-5 at 57, 164, 546. On December 20, 2023, he received a written offer from Meta and signed it that day. ECF 1 ¶ 11; ECF 25-1 at 124–128. The offer stated he could begin work in his position "on or before January 22, 2024." *Id.* at 128.

On or around May 15, 2025, Plaintiff stopped working at Meta due to disabilities resulting from the bicycle accident. ECF 1 ¶ 14. He submitted a claim to Lincoln under the Plan. However, Lincoln denied his coverage, contending that his effective date of coverage began on January 22, 2024, under the Rehire Term provision, and that his disability is therefore subject to the Pre-Existing Condition Exclusion. ECF 25-1 at 96.

Plaintiff alleges that his past employment with Meta from March 9, 2020, to June 24, 2023, entitles him to be rehired under the Rehire Term provision, establishing his effective date of coverage of March 9, 2020. ECF 1 ¶ 15–16. Plaintiff further alleges that the Pre-Existing

United States District Court
Northern District of California

Condition Exclusion does not preclude him from coverage because his disability did not occur within the first 12 months of his employment. *Id*. at 17–20.

## IV. LEGAL STANDARD

Rule 26(a) requires a party to provide "the name [] of each individual likely to have discoverable information []that the party may use to support its claims or defenses." Fed. R. Civ. P. 26(a). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) [], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (New evidence should not be excluded if the "failure to disclose [it] is substantially justified or harmless.") (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). "The determination of whether a failure to disclose is justified or harmless is entrusted to the broad discretion of the district court." *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-04632-SI, 2007 WL 421336, at *4 (N.D. Cal. Feb. 5, 2007). Nondisclosure is harmless if it does not prejudice the other party. *Yeti*, 259 F.3d at 1106.

To assess whether the new evidence is harmless, the Court may consider the following four factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Brodeur*, 41 F.4th at 1192 (citation omitted); *see Unionamerica Ins. Co., Ltd. v. Fort Miller Grp., Inc.*, No. 05-01912-BZ, 2009 WL 275104, at *1 (N.D. Cal. Feb. 4, 2009).

## V. ANALYSIS

Plaintiff contends that the Declaration of Debbie Turek ("Declaration") accompanying Defendant's Motion for Judgment under Rule 52 must be precluded because she was not disclosed under Rule 26 and the Declaration constitutes impermissible extrinsic evidence to interpret the intent of the terms. ECF 31 at 5. Lincoln counters that the Declaration was offered to "clarify any

ambiguity in the Group Policy." ECF 32 at 4. Lincoln claims that "the Declaration does nothing more than provide context" for its previous communication that the Rehire Terms do not change Plaintiff's effective coverage date on January 22, 2024. ECF 39 at 4. Parties do not dispute that the disclosure of Ms. Turek and her Declaration was not timely under Rule 26(a). The only question at issue is whether the late disclosure of the Declaration is justified or harmless under Rule 37(c)(1).

The Court finds Lincoln has failed to meet the burden of proving that its failure to disclose under Rule 26(a) was justified or harmless. The Court explains its determination based on the four factors outlined in *Brodeur* below.

First, the Court finds that the introduction of the Declaration surprises Plaintiff because Ms. Turek was not disclosed in the Administrative Record nor identified under Rule 26(a) until Lincoln's Motion for Judgment under Rule 52. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (explaining that the goal of Rule 26 "is to encourage parties to try cases on the merits, not by surprise, and not by ambush").

The introduction of the Declaration also prejudices Plaintiff because it includes a new legal rationale beyond mere new factual arguments "found solely on information in the record." *See Beach v. Liberty Life Assurance Co. of Boston*, 763 F. App'x 601, 602 (9th Cir. 2019); *Collier v. Lincoln Life Assurance Co.*, 53 F.4th 1180, 1182 (9th Cir. 2022) (The court "cannot adopt new rationales that the claimant had no opportunity to respond to during the administrative process."). In their joint case management statement, the "parties agree[d] that no discovery beyond the Administrative Record is necessary or warranted in this case." ECF 21 at 4. Parties appear to dispute the interpretation of terms in the Plan in light of the offer letter, until the introduction of the Declaration, where Ms. Turek explains Meta's involvement in selecting rehire terms for its employees during the eligibility period for the Plan, but without any documentary foundation. ECF 29-1 ¶¶ 9–10. Although Lincoln argues that Meta's involvement does not change the effective date of coverage, injecting it at this stage shifts the focus from the plain meaning of the term to the intent of the parties involved in the Plan, which would require a different legal inquiry. Plaintiff is also prejudiced because he was deprived of the opportunity to open discovery for

further examination of relevant documents and to conduct depositions of Ms. Turek or other representatives.

Second, the Court finds that although Plaintiff's subsequent filings to rebut arguments raised in the Declaration mitigate some prejudice, ECF 33 at 26–27, Plaintiff only cures a certain extent of the prejudice he suffers, not the complete prejudice arising from the parties' prior representation that this action would be an exclusively record-based review.

Third, the Court finds that the Declaration would likely disrupt the trial. While the Court can choose to disregard Meta's intention in selecting policy terms raised in the Declaration, in the absence of underlying documents, deposition of Ms. Turek, and potentially necessary expert disclosures, the Court finds that the Declaration would hinder the Court from conducting an adequate and independent de novo review.

As to the last factor, because the ruling on this motion does not amount to the dismissal of the cause of action or of this action in its entirety, the Court declines to find whether the late disclosure of the Declaration in this case amounted to a showing of bad faith or untimely willfulness. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (rejecting the requirement that the district court make a finding of willfulness or bad faith where the exclusion of the evidence did not amount to dismissal of a cause of action); *R & R Sails, Inc.*, 673 F.3d at 1247 n.1. (9th Cir. 2012) (requiring the district court to identify willfulness or bad faith before dismissing a cause of action as a discovery sanction); *Toyrrific, LLC v. Karapetian*, 606 F. App'x 365 (9th Cir. 2015) (holding a finding of willfulness or bad faith before the exclusion of the evidence is necessary if the exclusion prevents a plaintiff from proving a necessary element of the cause of action); *See also Ambrosetti v. Oregon Cath. Press*, 151 F.4th 1211, 1219 (9th Cir. 2025).

Accordingly, the Court finds that the late introduction of the Declaration was not substantially justified or harmless and, therefore, the Declaration should be excluded under Rule 37.

## VI. CONCLUSION

While the Court explains why the Declaration is excluded, Lincoln may raise its argument

from the Declaration only to the extent it is supported by the Administrative Record submitted for the upcoming bench trial. Therefore, the Court **DENIES** Plaintiff's request to dismiss all arguments and materials derived from the Declaration to the extent Lincoln finds support in the existing record.

For the foregoing reasons, the Court **GRANTS-IN-PART** Plaintiff's Motion to Strike the Declaration of Debbie Turek.

The bench trial for the Motion for Judgment Under Rule 52 set for June 15, 2026 at 11:00 AM is maintained.

IT IS SO ORDERED.

Dated: May 13, 2026

TRINA L. THOMPSON
United States District Judge