UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAM FUCHS,

Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant.

Case No. 25-cv-05810-TLT

**ORDER GRANTING MOTION TO ADMIT AND CONSIDER THE STAT POLICY AS ADDITIONAL LIMITED CONTEXTUAL EVIDENCE FOR PURPOSES OF DE NOVO REVIEW**

Re: Dkt. No. 57, 61

Sam Fuchs ("Plaintiff") brings this action under Section 1132(a)(1)(B) of the Employment Retirement Income Security Act ("ERISA") against The Lincoln National Life Insurance Company ("Lincoln" or "Defendant"). ECF 1 ("Complaint" or "Compl."). Plaintiff challenges Lincoln's decision to deny his claim for long-term disability ("LTD") benefits under the policy ("LTD Policy") established by his former employer, Meta Platforms, Inc. ("Meta"). Compl. ¶¶ 3–31. Defendant serves as the Policy's insurer and administrator. Compl. ¶ 3.

The parties agree that the Court must review Lincoln's denial of LTD benefits using a de novo standard of review. ECF 29 at 16; ECF 30 at 18. On August 24, 2026, the Court held a hearing on the parties' cross-motions for judgment under Rule 52. ECF 55. The Court took the motions for judgment under submission. ECF 55.

Thereafter, Plaintiff filed a Motion to Determine Contents of the Administrative Record, or, in the Alternative, to Admit and Consider Additional Evidence ("Motion"). ECF 57. In the Motion, Plaintiff argues that Meta's California Voluntary Disability Plan ("STAT Policy") should be considered by the Court as part of its de novo review. ECF 57-1. First, Plaintiff argues that the

STAT Policy is part of the administrative record. ECF 57 at 4–10. Second, Plaintiff argues that the Court should consider the STAT Policy because circumstances clearly establish that the STAT Policy is necessary for the Court to conduct an adequate de novo review of Lincoln's decision to deny Plaintiff's claim for LTD benefits.[1] ECF 57 at 11–14. Lincoln opposes the Motion and argues that the STAT Policy is neither relevant nor necessary to the Court's de novo review of Lincoln's LTD claim determination. ECF 59. The Motion is now fully briefed and is before the Court for decision. ECF 57; ECF 59; ECF 60.

Pursuant to Civil Local Rule 7-1(b), the Court finds that the matter is appropriate for resolution without oral argument. After review and consideration of the Motion, briefings, and the relevant legal authority, the Court finds that the STAT Policy is necessary for the Court to conduct an adequate de novo review. Accordingly, the Court **GRANTS** the Motion.

## I. DISCUSSION

"Bench trials arising under ERISA are generally limited to the administrative record." *Darden v. Anthem Blue Cross Life & Health Ins. Co. (Long-Term Disability (Ltd) Plan)/Elevance Health*, No. 25-CV-00911-RFL, 2026 WL 708311, at *1 (N.D. Cal. Mar. 13, 2026). However, the Ninth Circuit has held that the Court may consider evidence outside of the administrative record "when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision." *Opeta v. Nw. Airlines Pension Plan for Cont. Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (citation and internal quotation marks omitted). Citing to a Fourth Circuit decision, the Ninth Circuit identified a non-exhaustive list of "exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary:"

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative

[1] Because the Court holds that the STAT Policy is necessary for the Court to conduct an adequate de novo of review of Lincoln's LTD benefits determination, the Court declines to consider whether the STAT Policy is part of the administrative record.

United States District Court
Northern District of California

> review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*See id.* (citation omitted).

Plaintiff contends that the STAT Policy is necessary because it "establishes the standard governing an actual benefit determination already contained in the administrative record." ECF 57 at 11. Defendant, by contrast, argues that the terms of the STAT Policy do not govern Plaintiff's LTD benefits claim and that Lincoln's approval of his STAT benefits claim does not mean that Lincoln found him to disabled under the terms of the LTD Plan. ECF 59.

The Court acknowledges that the STAT Policy does not govern Plaintiff's LTD claim. In addition, the Court recognizes that Lincoln's payment of Plaintiff's STAT benefits claim does not entitle Plaintiff to a presumption that he is disabled under the terms of the LTD Plan. *Mendoza v. First Unum Life Ins. Co.*, No. 25-3080, 2026 WL 2295887, at *1 (9th Cir. Aug. 10, 2026) ("The district court was not required to apply a legal presumption that Plaintiff was disabled on the basis of Defendant's prior payment of STD benefits."); *Camp v. Lincoln Nat'l Life Ins. Co.*, No. 25-CV-06199-AMO, 2026 WL 2608200, at *14 (N.D. Cal. Sept. 3, 2026).[2]

Indeed, the Ninth Circuit has recognized that "[p]rior payment of benefits" is "relevant evidence

---

[2] In *Camp*, the Court rejected the plaintiff's argument "that he was entitled to LTD benefits simply because Lincoln National paid his claim for short-term disability benefits." 2026 WL 2608200, at *14. The Court remarked that "the short-term disability plan [was] not part of the AR filed with the Court because it [was] not relevant to the determination of whether [plaintiff was] entitled to LTD benefits under the Policy at issue." *Id.* Although the Court in *Camp* was correct that payment of short-term disability benefits does not entitle a plaintiff to LTD benefits, this Court declines to conclude that Lincoln's payment of STAT benefits is wholly irrelevant to the question of whether Plaintiff is disabled under the LTD Policy. *See id.* To the extent that the STAT Policy and the LTD Policy contain similar definitions of the term "disability," Lincoln's payment of STAT benefits constitutes relevant, but non-dispositive evidence of disability within the meaning of the LTD Plan. *See Mendoza*, 2026 WL 2295887, at *1 ("Plaintiff argues that Defendant's prior payment of short-term disability ('STD') benefits compels the approval of LTD benefits by creating a legal presumption that Plaintiff is disabled. But no such presumption exists under our caselaw, and we have rejected similar propositions. Instead, our caselaw treats prior payment of benefits merely as relevant evidence of disability."). The Ninth Circuit's remarks in *Mendoza* seemingly suggest that the payment of short-term disability benefits may constitute relevant evidence of disability, even though LTD benefits are payable under the terms of a different plan. *See id.*

of disability." *Mendoza*, 2026 WL 2295887, at *1 (citing *Saffon v. Wells Fargo & Co. Long Term Disability Plan*,522 F.3d 863, 871 (9th Cir. 2008) ("[The insurer] had been paying [the plaintiff] long-term disability benefits for a year, which suggests that she was already disabled." (emphasis added)). Because Plaintiff's STAT benefits claim is expressly incorporated into the administrative record, the Court finds it appropriate to consider the terms of the STAT in analyzing whether Lincoln's payment of STAT benefits to Plaintiff serves as relevant evidence of disability. ECF 57 at 4. Without the STAT Policy, the Court has no way to determine the relevance of Plaintiff's STAT claims file, and would be forced to simply ignore portions of the administrative record. Thus, although Lincoln's payment of STAT benefits does not entitle Plaintiff to a presumption that he is disabled within the meaning of the LTD Policy, the Court cannot ignore the potential relevance of the STAT claims file, and, by extension, the STAT Policy. *See Mendoza*, 2026 WL 2295887, at *1. Thus, the STAT Policy is necessary for the Court to conduct an adequate de novo review.

## II. CONCLUSION

For the foregoing reasons, the Court holds that circumstances clearly establish that the STAT Policy is necessary for the Court to conduct an adequate de novo review. In the exercise of its discretion, the Court **GRANTS** the Motion.

All future dates are hereby VACATED. The Motion for Judgment Under Rule 52 is taken under submission. ECF 29.

This order resolves ECF 57, 61.

IT IS SO ORDERED.

Dated: October 5, 2026

TRINA L. THOMPSON
United States District Judge